J. D. DUNNAWAY v. THE STATE.

No. 2966. Decided January 28, 1914.

**Simple Assault—Insufficiency of the Evidence.**

Where, upon trial of assault, the evidence showed that the alleged injured party was the aggressor and that defendant used no more force in repelling the assault than an ordinary man would have done, the conviction was not sustained.

Appeal from the County Court of Harris. Tried below before the Hon. Clark C. Wren.

Appeal from a conviction of simple assault; penalty, a fine of $5.

The opinion states the case.

*Heidingsfelders,* for appellant.—On question of insufficiency of evi-

dence: Pease v. State, 13 Texas Crim. App., 18; Priest v. State, 34 S. W. Rep., 611; Harrison v. State, 102 S. W. Rep., 412.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of making an assault on Oscar Kennley. Mr. Kennley was not introduced as a witness, but the testimony shows a former difficulty between the two men, when Kennley shot and seriously wounded appellant. On this occasion it is shown appellant went into a drug store with some friends to get a cool drink. While at the counter, Kennley threw a glass at him, striking him in the face, when appellant drew a pistol and struck Kennley over the head twice. Friends interfered and stopped the difficulty. This is the State's case. Appellant's case is that when Kennley threw the glass and struck appellant in the face, he then reached in his pocket as if to draw a weapon, and appellant says, having been shot by Kennley on a former occasion, he thought his life was in danger, and he drew his pistol and struck Kennley. That he did not shoot because of the crowd in the drug store. It is manifest by all the witnesses that Kennley began the difficulty, and struck appellant in the face with the glass, and under such circumstances we do not think the evidence will justify appellant's conviction. He used no more force in repelling the assault than any ordinary man would have done.

Reversed and remanded.

*Reversed and remanded.*